IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LINDA ORTIZ CARRANZA, | § | |
| | § | |
| *Plaintiff,* | § | SA-22-CV-00025-ESC |
| | § | |
| vs. | § | |
| | § | |
| SHELTON & VALADEZ, P.C., ROBERT | § | |
| A VALADEZ, INDIVIDUALLY, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER GRANTING PARTIAL MOTION TO DISMISS

Before the Court in the above-styled cause of action is the Motion to Dismiss Plaintiff's Claims for Failing to State a Claim Upon Which Relief Can Be Granted [#7] filed by Defendant Robert Valadez. This case was transferred to the undersigned's docket on June 3, 2022, after all parties consented to the jurisdiction of a United States Magistrate Judge. The undersigned therefore has authority to enter this order pursuant to 28 U.S.C. § 636(c). In issuing this order, the Court has also considered Plaintiff's *pro se* response to the motion [#11] and Defendants' reply [#13].

This case was removed from state court on January 13, 2022. Plaintiff's Original Petition, which remains the live pleading, sues Shelton & Valadez, P.C. (her former employer), and Robert A. Valadez, individually, for age discrimination under Title VII of the Civil Rights Act (Title VII), Section 21.051 of the Texas Labor Code, and the Age Discrimination in Employment Act of 1967 (ADEA). Plaintiff's Original Petition alleges that she was employed by Shelton & Valadez, P.C., as a legal assistant for Valadez, where she was subjected to age discrimination and a hostile work environment. By his motion, Defendant Robert A. Valadez

1

asks the Court to dismiss all claims asserted against him individually pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that no individual liability exists under Title VII, the Texas Labor Code, or the ADEA.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

The Court will grant the motion and dismiss all of Plaintiff's claims against Valadez. As argued by Valadez, no individual liability exists under Title VII, the Texas Labor Code, or the ADEA unless Valadez individually satisfies the statute's definition of "employer." *See Grant v. Lone Star*, 21 F.3d 649, 653 (5th Cir. 1994) (Title VII); *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996) (ADEA); *Winters v. Chubb & Son, Inc.*, 132 S.W.3d 568, 580 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (Texas Labor Code). Title VII, for example, defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). Although Title VII expressly references employers' agents, the Fifth Circuit has held that the statute does not impose individual liability. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir.

1999).  Rather, Congress's purpose in including agents within the definition of employer was to provide for *respondeat superior* liability (liability of an employer for the acts of its agents) within the coverage of the statute as opposed to providing for individual liability.  *Id.*  As a result, an individual may sue his employer for *respondeat superior* liability based on the individual acts of an agent of the employer, but may not sue the individual agent personally.

Plaintiff's response in opposition to the motion argues generally why her claims, particularly her hostile work environment claim, should not be dismissed.  Plaintiff does not, however, provide the Court with any argument or facts that suggest Valadez individually is a statutory employer under Title VII, the ADEA, or Texas law.  Nor are there any facts alleged in her Original Petition from which the Court could conclude that Valadez, rather than the professional corporation he created, was the statutory employer of Plaintiff.

In dismissing Valadez from this lawsuit, the Court is not dismissing any of Plaintiff's causes of action.  Nor is the Court expressing any opinion on whether Valadez engaged in the wrongful conduct alleged in Plaintiff's Original Petition or whether Shelton & Valadez, P.C., might ultimately be liable.  The Court is merely applying the law that requires Plaintiff to proceed with her lawsuit against her former employer, which is the entity Shelton & Valadez, P.C., instead of Valadez as an individual.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss Plaintiff's Claims for Failing to State a Claim Upon Which Relief Can Be Granted [#7] filed by Defendant Robert Valadez is **GRANTED**.

**IT IS FURTHER ORDERED** that all of Plaintiff's claims against Robert A. Valadez, Individually, shall be **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

SIGNED this 17th day of June, 2022.


ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE