IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LINDA ORTIZ CARRANZA, | § | |
| *Plaintiff,* | § § § | SA-22-CV-00025-ESC |
| vs. | § § | |
| SHELTON & VALADEZ, P.C., | § § | |
| *Defendant.* | § § | |

## ORDER SETTING TRIAL

Before the Court is the above-styled cause of action, which was reassigned to the undersigned's docket after all parties consented to the jurisdiction of a United States Magistrate Judge. On this day, Plaintiff, who is proceeding *pro se*, and counsel for Defendant appeared before the Court via videoconference for a status conference in this case, at which the Court assigned the parties a trial date and instructed Plaintiff as to her obligations as a *pro se* litigant before the Court. The Court will therefore now formally set this case for trial and direct Plaintiff to the following resources to assist her in prosecuting her case:

- The Federal Rules of Civil Procedure, available at: www.uscourts.gov/file/rules-civil-procedure
- This Court's Local Rules, available at https://www.txwd.uscourts.gov/court-information/lcr-civil-rules/
- The "Complete Pro Se Manual" which is available on the Court's website at: https://www.txwd.uscourts.gov/filing-without-an-attorney/.

Plaintiff is directed to familiarize herself with these resources. Although *pro se* litigants are held to a less stringent standard, they are nevertheless required to follow the rules that govern all

1

litigants in federal court.  *Grant v. Cuellar*, 59 F.3d 524, 524 (5th Cir. 1995).  These rules include but are not limited to the rules and Court orders regarding conference with opposing counsel, following deadlines imposed by the rules and the Court's Scheduling Order, observing the response times for motions as set forth in Local Rule CV-7(e), and keeping the Court updated with a current address to ensure all filings are received.

**IT IS HEREBY ORDERED** that this case is **SET** for jury selection and trial at **9:30 a.m. on Monday, February 13, 2023**, and a final pretrial conference at **10:30 a.m. on Friday, February 10, 2023**.  Both trial and the final pretrial conference will occur at the United States Courthouse, 262 West Nueva, San Antonio, Texas, 78207.  The courtroom for the conference and for trial will be assigned at a later date, and counsel should check monitors in the courthouse lobby on the day of the hearing, which will contain the assigned courtroom information.

All other deadlines set forth in the Court's Scheduling Order [#5] remain in full force and effect.  The Court will set a status conference in this case approximately three (3) to four (4) months prior to the above-referenced trial setting.

The parties should submit their Joint Pretrial Order on the attached form on or before **January 27, 2023**.  This procedure will be followed in lieu of the filing of requirements described in Local Rule CV-16.

SIGNED this 17th day of June, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION



*Plaintiffs,*

vs.

,

*Defendant.*

CIVIL NO.

## JOINT PRETRIAL ORDER

1. APPEARANCE OF COUNSEL

    List each party, its counsel, and counsel's address and telephone number in separate paragraphs.

2. STATEMENT OF THE CASE

    Give a brief statement of the case, one that the judge could read to the jury panel for an introduction to the facts and parties; include names, dates, and places.

3. JURISDICTION

    Briefly specify the jurisdiction of the subject matter and the parties. If there is an unresolved jurisdictional question, state it.

4. MOTIONS

    List pending motions.

5. CONTENTIONS OF THE PARTIES

    State concisely in separate paragraphs each party's claims.

6. ADMISSIONS OF FACT

    List all facts that require no proof and could be submitted to the jury as stipulated facts.

7. CONTESTED ISSUES OF FACT

    List all material facts in controversy.

8. AGREED PROPOSITIONS OF LAW

3

List the legal propositions that are not in dispute.

9. CONTESTED PROPOSITIONS OF LAW

   State briefly the unresolved questions of law, with authorities to support each.

10. EXHIBITS

   A. Each party will attach two lists of all exhibits, separately identifying those exhibits that the party expects to offer and those that the party may offer if the need arises. Each party will make the exhibits available for examination by opposing counsel. All documentary exhibits must be exchanged before trial, except for rebuttal exhibits or those whose use cannot be anticipated.

   B. A party requiring authentication of an exhibit must notify the offering counsel in writing within 7 days after the exhibit is listed and made available; failure to object in advance of the trial in writing concedes authenticity.

   C. Within reason, other objections to admissibility of exhibits must be made at least 7 days before trial; the Court will be notified in writing of disputes, with copies of the disputed exhibit and authority. Objections not so disclosed, other than objections under Federal Rules of Evidence 402 and 403, shall be deemed waived unless excused by the court for good cause shown.

   D. Parties must mark their exhibits to include the date and case number on each. All trial exhibits must be marked with an identifying sequence, followed by a dash, followed by a number; for example, Exhibit P-1 and Exhibit D-1. The identifying sequence (e.g., "P" and "D") will identify the party who will offer the exhibit. Parties will assign numbers to their exhibits consecutively, beginning with the number 1. The letter "G" will be assigned to the government for identification purposes. In cases involving more complex pleading relationships (e.g., consolidated cases, intervenors, and third party actions), it is the responsibility of counsel for the plaintiff, in consultation with the judge's courtroom deputy clerk, to coordinate the assignment of the unique identification sequences.

   E. At the trial, the first step will be the offer and receipt in evidence of exhibits.

11. WITNESSES

   A. List the names, address, and telephone number of each witness who may be called (except those to be used for impeachment only), separately identifying those witnesses the party expects to present and those whom the party may call if the need arises. Include a brief statement of the nature of each witness's testimony and a description of the qualifications of each expert witness; this information will be used to qualify the expert at trial.

   B. For those witnesses whose testimony is expected to be presented by means of a

>   deposition, include a transcript of the pertinent portions of the deposition testimony and designation by reference to page and line of the testimony to be offered. Include a list disclosing any objections to the use under Rule 32(a) of deposition testimony designated by the other party.
>   C. Include:
>
>   "If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses."

12. SETTLEMENT

   State that all settlement efforts have been exhausted, that the case cannot be settled, and that it will have to be tried.

13. TRIAL

   A. State probable length of trial; and

   B. Explain any anticipated logistical issues pertaining to the availability of witnesses and planned trial demonstrations.

14. ADDITIONAL ATTACHMENTS

   Include these required attachments for a jury trial:

   A. Proposed questions for the voir dire examination.

   B. Proposed charge and verdict form, including instructions, definitions, and special interrogatories, with authority.

Date: _____          UNITED STATES MAGISTRATE JUDGE

Approved:

Date: _____          Attorney-in-Charge, Plaintiff

Date: _____   _____
                                  Attorney-in-Charge, Defendant