IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LINDA ORTIZ CARRANZA, | § § | |
| *Plaintiff,* | § § § | SA-22-CV-00025-ESC |
| vs. | § § § | |
| SHELTON & VALADEZ, P.C., | § § § | |
| *Defendant.* | § § | |

## **ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Motion to Reconsider and Motion to Set Aside [#40]. The record reflects that on January 10, 2023, the Court granted Defendant's motion for summary judgment [#38] and issued a final judgment that Plaintiff take nothing on her claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the Texas Labor Code [#39]. By her motion, Plaintiff asks the Court to reconsider its decision on Defendant's motion for summary judgment and allow her claims to proceed to trial. Defendant filed a response in opposition to Plaintiff's motion [#42], which the Court has also reviewed in considering Plaintiff's motion.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. Such motions are therefore generally analyzed under the standards for a motion to alter or amend a judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). A motion for reconsideration under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(b). Otherwise, the motion falls under Rule 60. Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time—

1

and . . . no more than a year after the entry of the judgment or order or the date of the proceeding."). Because Plaintiff timely filed her motion more than 28 days after the issuance of the Court's challenged order, her motion is governed by Rule 60(b).

Rule 60(b) provides for relief from a final judgment under the following circumstances: (i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (iii) fraud, misrepresentation, or other misconduct of an adverse party; (iv) the judgment is void; (v) the judgment has been satisfied, released or discharged; or (vi) any other reason justifying relief from the operation of the judgment. Red. R. Civ. P. 60(b). This relief is considered "extraordinary," and Plaintiff bears the heavy burden of demonstrating the exceptional circumstances warranting relief. *See In re Edwards*, 865 F.3d 197, 208 (5th Cir. 2017); *Heirs of Guerra v. United States*, 207 F.3d 763, 767 (5th Cir. 2000).

Plaintiff's motion to reconsider is primarily based on Plaintiff's objection to the Court deciding Defendant's motion for summary judgment prior to mediation. Aside from this specific objection, Plaintiff's motion reiterates the substantive positions she took in her response to Defendant's motion for summary judgment, which have already been considered by the Court. Plaintiff has failed to establish any basis for the reconsideration of the Court's previous order.

Plaintiff's motion misunderstands the mediation requirement imposed by the Local Rules of the Western District of Texas and the procedural history in this case. Rule CV-88(a) requires the completion of mediation no later than 60 days prior to the date of a trial setting. There is no requirement that the parties be given the opportunity to mediate prior to the Court's adjudication of a pending dispositive motion, like Defendant's motion for summary judgment. Additionally, the record in this case does not reflect that the Court ever scheduled a mediation, only that the

deadline for mediation was extended to December 20, 2022 [#20], and that Defendant's motion to be excused from mediation until after the Court ruled on the motion for summary judgment was granted on December 12, 2022 [#36]. This Court has discretion to extend deadlines at the request of parties as part of its inherent power to manage its docket and perform case management. Mediations are often not productive when there is a motion for summary judgment pending that might resolve the claims.

In summary, Plaintiff has not presented the Court with any newly discovered evidence or any other extraordinary circumstance or basis for reconsideration under Rule 60(b).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider and Motion to Set Aside [#40] is **DENIED**.

SIGNED this 4th day of May, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE